Robert McEachen appeals from a judgment upholding a decision by the Civil Service Commission (CSC), which determined that the Boston Housing Authority (BHA) had just cause to discharge McEachen from its employ. McEachen maintains that the Superior Court judge erred in upholding the CSC's decision because the CSC failed to provide McEachen with a de novo review, pursuant to G. L. c. 31, § 43. We affirm.
Background. On December 31, 2012, McEachen sustained a work-related injury while in the BHA's employ. He was placed on paid family and medical leave from January 4, 2013, through March 29, 2013. McEachen was then placed on unpaid medical leave.[3] On March 19, 2014, the BHA sent McEachen and his union notice of his termination hearing.[4] After an appointing authority hearing on April 11, 2014, the hearing officer concluded that McEachen "is unable to return to work and cannot perform the essential functions of his job." McEachen did not dispute the evidence, including medical documents, that showed he is unable to perform his job duties and that his ability to return to work as a carpenter remained undetermined. Rather, McEachen asserted that he could return to work but only in a modified duty capacity that would entail being a "carpenter's boss," which would include "supervising others and performing administrative duties." The BHA responded that such a supervisory position does not exist for an employee in McEachen's collective bargaining unit. The hearing officer found that McEachen's request "to be given a completely different job that would allow him to continue working is not reasonable," and that "it is unreasonable to expect that [the BHA] indefinitely keep [McEachen's] position open particularly in light of the [BHA's] current financial condition." The BHA subsequently terminated McEachen's employment.
McEachen appealed to the CSC, arguing that the BHA's decision to terminate him is arbitrary and capricious because it is based on illegal antiunion animus and a desire to cheat him out of his retention bonus and life insurance policy. Both parties moved for summary disposition. Following a hearing on July 24, 2014, the CSC upheld the BHA's decision, concluding that the BHA had just cause to terminate McEachen because the "undisputed facts establish that [McEachen] was incapable of performing the duties of his position as a BHA carpenter." The CSC stated in its decision that
"[t]he BHA correctly points out that an employee is not deemed unfit to perform the duties of the 'position involved' if the employee can perform those duties 'with reasonable accommodation,' this principle of reasonable accommodation does not require an employer to 'fashion a new position' for the employee nor does it require that the employee be allowed to remain on medical leave indefinitely."
The CSC dismissed McEachen's argument that the BHA acted out of antiunion animus and a desire to hurt McEachen financially. The CSC concluded that McEachen failed "to come forward with any facts to support this contention," and that "the BHA's reference to its financial condition cannot be viewed as if it was treating the termination as a 'layoff' but merely that it was going to proceed to fill the position with an employee who could actually begin to perform the job."
McEachen appealed the CSC's decision to the Superior Court, arguing that the CSC erred in entering a summary disposition and in not providing him with a de novo hearing. Both parties filed motions for judgment on the pleadings. The judge granted the BHA's motion for judgment on the pleadings, affirming the CSC's decision. McEachen filed the instant appeal, arguing that the CSC's decision and the judge's affirmance were error because, according to McEachen, the CSC failed to provide him with a de novo hearing as required under G. L. c. 31, § 43.
Discussion. We review the decision of the CSC to ensure that it is supported by substantial evidence and is not otherwise arbitrary, capricious, or an error of law. See Police Dept. of Boston v. Kavaleski, 463 Mass. 680, 689 (2012). The purpose of a de novo hearing is to find the facts anew. See Falmouth v. Civil Serv. Commn., 447 Mass. 814, 823 (2006). In the circumstances of this case, a de novo hearing was not required. When the facts are undisputed, as is the case here, the allowance of a motion for summary disposition is proper. The Standard Adjudicatory Rules of Practice and Procedure, 801 Code Mass. Regs. § 1.01(7)(h) (1998), which are relevant to the CSC, provide in part:
"When a Party is of the opinion there is no genuine issue of fact relating to all or part of a claim or defense and he is entitled to prevail as a matter of law, the Party may move, with or without supporting affidavits, for summary decision on the claim or defense. If the motion is granted as to part of a claim or defense that is not dispositive of the case, further proceedings shall be held on the remaining issues."
Here, both the BHA and McEachen filed motions for summary disposition. We see no error in the CSC's decision to enter summary disposition in favor of the BHA. Such decision is supported by substantial undisputed evidence in the record, which showed that McEachen is unable to perform the essential job duties of a BHA carpenter, that such inability is indefinite, and that there is no reasonable accommodation available that would allow McEachen to return to the job in a limited capacity. We, therefore, affirm.
Judgment affirmed.

From January 1, 2013, through October 16, 2013, McEachen received workers' compensation benefits under G. L. c. 152, § 34, for temporary total incapacity. From October 17, 2013, through February 17, 2014, McEachen received workers' compensation benefits under G. L. c. 152, § 35, for partial incapacity.

The notice provided McEachen and his union with the essential functions of the job that McEachen had. The notice also informed McEachen and his union that the BHA would consider a recommendation from McEachen's medical provider of "any reasonable accommodation(s) that would allow him to return to work and perform his essential job functions." The essential functions included, but were not limited to installing window frames, fitting and hanging doors, repairing stairways and railings, tack welding and cutting, and making and installing locks, knobs, hinges, and door decks. McEachen's physician wrote a letter dated March 26, 2014, to the BHA stating: "In anticipation of [McEachen's] surgery, he may return to work full-time with restrictions. He may participate in desk or administrative work. He should do no lifting, pushing, pulling or carrying with his right arm greater than [five] pounds."